**AFFIRMED and Opinion Filed November 21, 2024**



In The
# Court of Appeals
# Fifth District of Texas at Dallas

## No. 05-23-00610-CR

**MARVIN OBDULIO TUNCHEZALARCON, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 6**
**Dallas County, Texas**
**Trial Court Cause No. F22-70640-X**

## MEMORANDUM OPINION

Before Chief Justice Burns, Justice Reichek, and Justice Nowell
Opinion by Justice Reichek

Marvin Obdulio Tunchezalarcon[1] appeals his conviction for continuous sexual abuse of a young child. In a single issue, appellant contends the trial court abused its discretion in admitting the testimony of a second outcry witness. We affirm the trial court's judgment.

Appellant was indicted for continuously sexually abusing M.F., his former girlfriend's daughter. M.F. first mentioned the abuse to her mother and godmother

---

[1] The State's brief and some portions of the record identify appellant as Marvin Tunchez Alarcon. The appellant's brief, the indictment, and the trial court's judgment identify appellant as Marvin Obdulio Tunchezalarcon.

when they questioned her about problems at school. M.F. was thirteen years old at the time. M.F. told them appellant had been touching her inappropriately and raping her for multiple years. The conversation was in English and M.F.'s mother, who spoke primarily Spanish, stated she did not entirely understand what was being said, but could tell it was serious.

M.F.'s godmother took M.F. to speak with a school counselor. During that conversation, M.F. generally repeated the same information she had previously told her mother and godmother. A few weeks later, M.F. was interviewed by Jolie Marchand, a forensic interviewer at the Dallas Children's Advocacy Center. According to Marchand, M.F. described multiple incidents of abuse over many years.

A hearing was conducted outside the presence of the jury to determine which of the State's witnesses could properly testify as an outcry witness at trial. The witnesses who testified at the hearing included M.F., her mother, her godmother, her school counselor, and Marchand. After hearing the testimony, the trial court concluded that "due to the pervasive abuse over the years, there are multiple and dual outcry witnesses in this case, that being [M.F.'s godmother] and Jolie Marchand."

M.F. was called as a witness at trial. She testified that when she was very young, appellant would cuddle with her at night and press himself against her backside. From there, things progressed. According to M.F., over the course of

many years, appellant sexually abused her by putting his penis inside her vagina, putting his mouth on her private parts, putting his finger inside her, and squeezing her chest. M.F. stated appellant did these things multiple times and described specific times when he would abuse her while her mother was at work.

M.F.'s godmother described the initial conversation she had with M.F. about the abuse. She said M.F. told her appellant "had been raping her for multiple years." M.F. said she would wake up unable to breathe because appellant was on top of her and he would "put his private part in her private areas."

Marchand testified about the forensic interview of M.F. In the interview, M.F. told her about how appellant would cuddle with her and she could feel his private part pressed against her buttocks. M.F. also told Marchand about specific times appellant touched her inappropriately and raped her while her mother was either at work or in another room. In addition, Marchand testified regarding the reliability of delayed outcries of abuse and grooming practices used by abusers.

The jury found appellant guilty of continuous sexual abuse of a young child as alleged in the indictment. After hearing additional evidence in the punishment phase of trial, the jury sentenced appellant to seventy-five years in prison.

In his sole issue on appeal, appellant argues the trial court erred in allowing Marchand to testify as an outcry witness because M.F.'s godmother was the first person M.F. told in a discernable manner about the details of the sexual abuse. Article 38.072 of the Texas Code of Criminal Procedure creates an exception to the

inadmissibility of hearsay testimony for statements made by a child complainant under the age of fourteen. TEX. CODE CRIM. PROC. ANN. art. 38.072. When a defendant is charged with certain offenses, article 38.072 allows out-of-court statements made by the child victim into evidence so long as the statements describe the offense and are testified to by the first person over the age of eighteen the victim told about the offense. *Sanchez v. State*, 354 S.W.3d 476, 484 (Tex. Crim. App. 2011). The victim's out-of-court statement is commonly known as an "outcry" and the adult who testifies about the outcry is known as an "outcry witness." *Id*. A trial court has broad discretion in determining the admissibility of such evidence. *Garcia v. State*, 792 S.W.2d 88, 92 (Tex. Crim. App. 1990).

Whether or not someone qualifies as an outcry witness is event-specific, rather than person-specific, and there may be different outcry witnesses for different acts of abuse committed by the same defendant against the same victim. *See West v. State*, 121 S.W.3d 95, 104 (Tex. App.—Fort Worth 2003, pet. ref'd). Before more than one outcry witness may testify, however, the outcry must be about a different event and not "simply a repetition of the same event as related by the child to different individuals." *Id*. If the State presents evidence that a person is a proper outcry witness, the burden shifts to the defendant to rebut this evidence. *Garcia*, 792 S.W.2d at 91–92.

"The admission of inadmissible hearsay constitutes nonconstitutional error, and it will be considered harmless if the appellate court, after examining the record

–4–

as a whole, is reasonably assured that the error did not influence the jury verdict or had but a slight effect." *Broderick v. State*, 35 S.W.3d 67, 75 (Tex. App.—Texarkana 2000, pet. ref'd). Hearsay is generally inadmissible because it denies the opposing party the right to cross-examine the declarant. *Allen v. State*, 436 S.W.3d 815, 822 (Tex. App.—Texarkana 2014, pet. ref'd). In cases involving the improper admission of outcry testimony, the error is harmless when the victim testifies in court to the same or similar statements that were improperly admitted. *Gibson v. State*, 595 S.W.3d 321, 327 (Tex. App.—Austin 2020, no pet.).

In this case, even assuming Marchand was not a proper outcry witness, M.F. testified at trial to substantially the same acts of abuse that Marchand described, and she was subjected to cross-examination on those statements. M.F. testified extensively and in detail about what appellant did to her, and her testimony alone is sufficient to support appellant's conviction. *See Allen*, 436 S.W.3d at 820. Appellant makes no argument to show how he was harmed by the testimony at issue. Based on the record as a whole, we are reasonably assured that any error in the admission of Marchand's outcry testimony did not influence the jury's verdict or had but a slight effect. *See Rosales v.* State, 548 S.W.3d 796, 809 (Tex. App.—Houston [14th Dist.] 2018, pet. ref'd). We overrule appellant's sole issue.

We affirm the trial court's judgment.

/Amanda L. Reichek/

AMANDA L. REICHEK
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)
230610F.U05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MARVIN OBDULIO
TUNCHEZALARCON, Appellant

No. 05-23-00610-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the Criminal District
Court No. 6, Dallas County, Texas
Trial Court Cause No. F22-70640-X.
Opinion delivered by Justice
Reichek. Chief Justice Burns and
Justice Nowell participating.

Based on the Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

Judgment entered November 21, 2024